Judge Logan
delivered the opinion of the court.
This was an action of ejectment, in which there was ¾ verdict for the defendants: and a motion having been made for a new trial, on the ground that the verdict was against both law and evidence, the court overruled it, to which exceptions were taken, and the plaintiffs have appealed to this court.
*239 Questions were made in argument, in relation to the tí-tie and manner of declaring, which will be unnecessary to investigate, since there is nothing exhibited to warrant this court in disturbing the verdict of the jury. The question involved upon the trial, was a mere question of fact, whether the patent, under which the plaintiffs claim, comprehend the land in contest?
A patent was produced from the commonwealth of Virginia, to James Reynolds, bearing date the 18th of May, 1786, for 61,958 acres, under which the plaintiffs derive title. This claim calls to begin at a certain corner, and depends, in the designation of its boundaries, on a survey of Moore and Donaldson, for 50,000 acres, which calls to begin at three poplars and two sugartrees, one mile from the mouth of Sexton’s creek, waters of Kentucky river; running thence S 20 E, 384Q, crossing the creek at 20 poles, and one at 900 poles, to a white oak and two beeches— thence S 70 W, 2083'poies, to three white oaks — thence N 20 W, 3840 poles, crossing two creeks, one at 800 poles, and one at 3040 poles, to two poplars and a white oak— and thence N 70 E, 2083 poles, to the beginning.
A poplar, marked as a corner, is proven, by one of the chain carriers, to be the beginning of the survey of Moore and Donaldson. No other corner can be found, and the description contained in the certificate of survey is proved, by the surveyor, to be entirely variant from that found by pursuing the patent courses and distances. '
Under these circumstances, it remained with the jury to determine, whether the land in contest was embraced by the claim of the plaintiffs? it properly belonged to them to weigh the evidence and to determine upon its credit raid weight. Whether, therefore, a cal! in the patent to cross two creeks, one at 800, and.the other at 3040 poles, running to two poplars and a white oak, could and did apply to this ground, when, by pursuing the patent courses, instead of crossing two creeks, there is one only, and that, from the distance, crossed five times, and not a line tree, nor a corner to be found. From description so special, well might the jury have expected that the survey had, in fact, been made elsewhere, and therefore find, from the variance between the ground and the description given in the certificate of survey, that this was not the land called for by the plaintiff’s claim. At any rate, having found a verdict to this effect, and the court below having refused a new trial, this *240 p0urf ⅜,-,⅞ R0t fee] authorised, from the evidence, to disJ turb verdict.
Wickliffe for appellant, Talbot;■ Hardin and Bibb contra;
The judgment must therefore be affirmed with coost.